**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 95-5109

PERCY JOE FISHER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
William L. Osteen, Sr., District Judge.
(CR-94-137)

Submitted: December 14, 1995

Decided: January 5, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James W. Swindell, SWINDELL & YOUNG, High Point, North Car-
olina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Lisa B. Boggs, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Percy Joe Fisher pled guilty to conspiracy to possess cocaine hydrochloride with intent to distribute and to manufacture cocaine base (crack), 21 U.S.C.A. § 846 (West Supp. 1995). He was sentenced to a term of 360 months. His attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising three issues but stating that, in his opinion, there are no meritorious issues for appeal. Fisher has been informed of his right to file a pro se supplemental brief, but has not filed a brief. Finding no reversible error after a review of the entire record, we affirm the conviction and sentence.

At Fisher's sentencing hearing, co-defendant Marie Junie Moise testified that Fisher was a partner with her boyfriend, Aaron Green, in a scheme to transport cocaine from New York to North Carolina, where the cocaine was cooked into crack and distributed. Moise testified that various women transported the cocaine concealed under their clothes, traveling by plane or train. Moise specifically recalled five women who made a total of eleven trips to North Carolina and transported approximately 3.5 kilograms of cocaine. At least once, Fisher traveled with one of the women. At other times he arranged for someone to meet them and sometimes it was he who paid them. Moise said that Fisher and Green cooked, bagged, and distributed the crack. She also testified that both men carried firearms and stored them at Fisher's grandmother's house, where Fisher lived at times. In a search of that house, authorities recovered a small amount cocaine and four handguns under the bed Fisher used.

In the <u>Anders</u> brief, counsel contests the 1.5 kilograms of crack attributed to Fisher, USSG § 2D1.1,* the enhancement for possession

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1994).

2

of firearms during the offense, USSG § 2D1.1(b)(1), and the adjustment for being a manager or supervisor, USSG § 3B1.1(b). Each issue raises a factual question which we review under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

The district court accepted the probation officer's conservative estimate that 2.484 kilograms of cocaine hydrochloride could be attributed to Fisher and that the amount of crack obtainable from the powder cocaine was approximately 2.2 kilograms. This finding gave Fisher a base offense level of 38 (1.5 kilograms or more of crack). Even without the 496.6 grams which defense counsel contested at sentencing, there was evidence that Fisher was responsible for more than 1.5 kilograms. The district court's finding, therefore, was not clearly erroneous. There was also evidence that Fisher managed or supervised the women who transported cocaine and regularly carried a firearm. The enhancements for role and for possession of firearms in connection with the offense were thus amply supported.

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm the conviction and the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

3